UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:15-CR-041 |
| ) | |
| CARY ANN WINEGAR ) | |

## **MEMORANDUM AND ORDER**

Now before the Court is the defendant's renewed and counseled motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i), with medical records in support. [Docs. 150; 141, ex. 1]. The United States has responded in opposition [doc. 153], and the defendant has not replied within the time allowed by this Court's Local Rules. For the reasons that follow, the motion will be denied.

### I. BACKGROUND

In November 2015, this Court sentenced the defendant to a 97-month term of imprisonment for her role in a methamphetamine distribution conspiracy. The defendant is presently housed at FCI Hazelton with a projected release date of June 29, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jun. 30, 2021). She now moves for compassionate release due to the COVID-19 pandemic, asthma, COPD, high cholesterol, hypothyroidism, her rehabilitative efforts, and a bladder disorder which requires daily catheterization. In her April 7, 2021 renewed motion, the defendant is described by counsel as being "among those at highest risk of death or serious illness if she is exposed to" COVID-19. [Doc. 150, p. 2].

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit have previously turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but are no longer to do so, at least as to

compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[1] "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114.

### A. Exhaustion

The United States concedes that the defendant has previously submitted a compassionate release request to the BOP, and that more than 30 days have passed since that request was received by the warden. [Doc. 153, p. 1; doc. 150, ex. 1]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

As mentioned above, in support of her motion the defendant cites the COVID-19 pandemic, asthma, COPD, high cholesterol, hypothyroidism, her rehabilitative efforts, and a bladder disorder which requires daily catheterization.

Consistent with § 3582 and the Sixth Circuit's holding in *Jones*, this Court has considered the defendant's arguments (individually and in combination) along with the broader facts of this case in light of the pertinent § 3553(a) factors. Pursuant to 18 U.S.C. § 3553(a),

---

[1] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

3

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

      (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

      (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .

   . . .

(5) any pertinent policy statement—

   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

At the defendant's correctional institution, there are currently zero inmates and one staff positive for COVID-19, with 133 inmates and 78 staff having recovered, and one inmate death. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jun. 30, 2021). These numbers are historically significant, but the Court simultaneously notes that outside the prison setting our nation remains on alert in terms of COVID diagnoses, hospitalizations, deaths, emerging variants, and lagging vaccination rates. Further, the COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Additionally, the BOP's vaccination efforts are underway, with 385 staff and 1,939 inmates having been fully vaccinated at the defendant's correctional complex. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jun. 30, 2021). In fact, as of

March 31, 2021 (predating the instant motion), the defendant herself is fully vaccinated. [Doc. 153, ex. 1].

BOP medical records show that the defendant has been diagnosed with, and receives treatment for, COPD and asthma. [Doc. 141, ex. 1]. However, in February 2020, she "[d]enied any acute issues for quite some time." [*Id.*]. BOP records also confirm that the defendant must self-catheterize once or twice daily due to "problems with urinary retention." [*Id.*]. She is further diagnosed with, and receives treatment for, unspecified hypothyroidism and unspecified hyperlipidemia. [*Id.*]. It is also apparent that the defendant is obese, and she reports a history of heavy smoking. [*Id.*].

The BOP's SENTRY Report shows that the defendant is categorized as Care Level 2. "Care Level 2 inmates are stable outpatients who require clinician evaluations monthly to every 6 months. Their medical . . . conditions can be managed through routine, regularly scheduled appointments with clinicians for monitoring. Enhanced medical resources, such as consultation or evaluation by medical specialists, may be required from time to time." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Jun. 30, 2021).

The Court notes that COPD, obesity, and a history of smoking are all presently considered to be conditions which "can" create an increased risk of severe illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jun. 30, 2021). Nonetheless, the Court concludes that the defendant has not carried her burden of demonstrating extraordinary and compelling

6

grounds for compassionate release. The defendant is receiving medical care from the BOP and it appears that her cited conditions are under control. There are presently no diagnosed cases of COVID-19 among the inmate population at her prison. Further, the defendant is now fully vaccinated against the virus, thereby significantly reducing her odds of contracting it.

Adding the defendant's rehabilitative efforts to the equation does not alter the Court's conclusion. As will be discussed below, the defendant's post-sentencing conduct has been far from universally positive.

The Court alternatively concludes that compassionate release would not be consistent with the 18 U.S.C. § 3553(a) factors, even though the defendant's sentence is presently set to expire in less than a year. In this case, the defendant was an active distributor of methamphetamine, thereby causing great harm to the public. [Presentence Investigation Report, doc. 61, ¶¶ 9-17]. Additionally, she allowed a codefendant to sell methamphetamine from her (the defendant's) home and she allowed codefendants to use her vehicle to conduct drug sales and meet with suppliers. [*Id.*, ¶¶ 10, 17].

The defendant's criminal history features prior convictions for drug delivery. [*Id.*, ¶ 45]. At the time of her federal sentencing, a probation violation warrant was pending in that case. [*Id.*]. There are numerous driving convictions (one for DUI) along with a public intoxication conviction. [*Id.*, ¶¶ 38-41, 43-44]. Of note, this case is not the defendant's first in federal court. In 2003, she was convicted of conspiring to transport and/or harbor at least 21 illegal immigrants. [*Id.*, ¶ 42]. A petition for revocation of supervision was filed in that case due to drug use, noncompliance with reporting requirements, and assisting

illegal immigrants in obtaining car titles and license tag renewals. [*Id.*]. The defendant committed the instant offense while on probation for the state drug conviction. [*Id.*, ¶ 47]. There is a lengthy history of controlled substance abuse. [*Id.*, ¶ 66].

Disappointingly, the defendant has incurred four disciplinary sanctions while serving her current term of imprisonment. [Doc. 153, ex. 3]. Two of those four infractions involved drug possession. [*Id.*]. The defendant was also expelled from the BOP's Residential Drug Abuse Program. [*Id.*, ex. 4].

Conversely, SENTRY shows that the defendant has earned her GED and has participated in some educational and rehabilitative programming. On these points, she is congratulated. However, notwithstanding those accomplishments, the totality of the facts of this case show that compassionate release would be inconsistent with the 18 U.S.C. § 3553(a) factors.

Common threads in the defendant's criminal history are drug distribution, recidivism, and disregard for public safety. The post-sentencing misconduct in this case (drug possession and other instances of failure to follow the rules) tells the Court that the defendant still has not adequately been deterred. In other words, the lesson has not yet been learned. Additional protection of the public is thus warranted. Relatedly, several of the defendant's cited medical conditions predate the instant offense and were not sufficient to stop her from committing prior crimes. [*Id.*, ¶¶ 59-62].[2]

Compassionate release on these facts would not reflect the seriousness of the offense of conviction and the defendant's broader criminal history, would not promote respect for

---

[2] In fact, the defendant claims to have been disabled since 1997. [*Id.*, ¶ 68].

8

the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of this defendant. Although less than one year now remains on the defendant's sentence, completion of that sentence appears necessary to fulfill the goals of 18 U.S.C. § 3553(a).

### III. CONCLUSION

As provided herein, the defendant's renewed motion for compassionate release [doc. 150] is **DENIED**.

**IT IS SO ORDERED.**

                ENTER:

                s/ Leon Jordan
                United States District Judge